UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EVANS L. BROWN                         CIVIL ACTION

VERSUS                                 NUMBER: 13-0608

STATE OF LOUISIANA                     SECTION: "I"(5)


## REPORT AND RECOMMENDATION

The above-captioned matter previously came before the Court pursuant to Local Rule 72.1(B)(1) for a determination of pauper status under 28 U.S.C. §1915.  Subsection (e)(2)(B)(i) of the latter statute directs that a court shall dismiss a case at any time if it determines that the action is frivolous or malicious.

Pro se plaintiff, Evans L. Brown, is a resident of the State of Georgia who is on bond awaiting a trial for theft under case No. 512567 "G" on the docket of the Orleans Parish Criminal District Court.[1]  In the above-captioned "... complaint against the State of Louisiana for the [u]se of unlawful abusive criminal

---

[1] Information pertaining to plaintiff's state court criminal proceedings was obtained from the Orleans Parish Sheriff's website, www.opcso.org.

procedures", plaintiff complains of various alleged irregularities which have occurred in the context of his pending state court criminal proceeding, all of which have operated to deprive him of his Fifth, Sixth, and Fourteenth Amendments and corresponding protections afforded by the Louisiana Constitution. (Rec. doc. 2). Plaintiff seeks relief from his pending criminal prosecution. (Id.).

Because plaintiff's allegations implicate the legality of the state court criminal proceedings that are pending against him, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under some other provision of the law such as 42 U.S.C. §1983. See, e.g., Caldwell v. Line, 679 F.2d 494, 496-97 (5th Cir. 1982); Richardson v. Fleming, 651 F.2d 366, 372-73 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172, 173-74 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where the grounds for federal habeas

corpus relief were previously presented to the state's highest court in a procedurally proper fashion.  Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989) cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff's complaints regarding alleged irregularities in the state court criminal proceeding pending against him challenge the fact and duration of confinement to which he may be subjected in the future which cannot be addressed until he has exhausted the remedies that are available to him in the state court system.  As plaintiff makes no showing of having done so, his complaint, to the extent that it can be construed as a request for habeas corpus relief, should be dismissed to allow him to exhaust available state court remedies.[2]/

The Court must next determine whether any other viable claims are raised by plaintiff's complaint.  Although plaintiff's principal pleading contains no short and plain statement of the grounds for the court's jurisdiction as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure, inasmuch as plaintiff complains of violations of the Fifth, Sixth, and Fourteenth Amendments, the Court construes his complaint as one arising under

---

[2]/ The fact that plaintiff has been released on bond pending the resolution of the criminal charge against him does not defeat the custody requirement imposed by the habeas corpus statute, 28 U.S.C. §2241(c)(3). Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 300-01, 104 S.Ct. 1805, 1809 (1984).

42 U.S.C. §1983, the procedural mechanism for the enforcement of constitutional rights which have been violated by a "person" acting under color of state law.  Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986).  On that score, neither states, their subdivisions, or state officials acting in their official capacities are considered to be "persons" within the meaning of §1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989); Anderson v. Phelps, 655 F.Supp. 560, 563-64 (M.D. La. 1985).  Accordingly, it will be recommended that plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) as lacking an arguable basis in law and fact.  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i).[3]

---

[3] The Court parenthetically notes that plaintiff failed to obtain leave of court prior to filing his complaint in violation of the District Judge's order in Brown v. Option One Mortgages Corp., No. 10-CV-0785, 2012 WL 669239 (E.D. La. Feb. 29, 2012).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __8th__ day of _____April_____, 2013.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE